# Haltzel Furniture Co. *v.* Thompson.

*Landlord and tenant—Replevin—Leased goods—Landlord's warrant—Distress.*

Where the owner of furniture leased under a contract of bailment, issues a writ of replevin· to regain possession of the goods after default by the lessee, and the sheriff in executing the writ is notified by an agent of the landlord of the bailee that the goods were legally in possession of a constable who had distrained them at the instance of the agent, and the sheriff thereupon serves the agent and the constable and adds their name to the return, such ·action of the sheriff will not defeat a judgment on a verdict in favor of the owner of the goods, on the trial of the replevin, where there is evidence that the warrant exhibited to the sheriff was made after the goods had been seized by the sheriff; and had been antedated and that the whole matter was a device to circumvent the effect of the replevin suit.

In such a case the plaintiff in replevin, the owner of the goods, may show at the trial of the replevin suit that certain other goods of the tenant had been left on the premises at the time the writ of replevin was executed, and that the landlord had sold them. The amount received from such sale reduced the claim for rent pro tanto. The plaintiff was therefore entitled to have this amount considered if the case went against him.

Argued March 7, 1917. Appeal, No. 50, March T., 1917, by Thomas E. Linnen, from judgment of C. P. Luzerne Co., Feb. T., 1912, No. 405, on verdict for plaintiff in case of Haltzel Furniture Company v. Alex. Thompson, James J. Kelly, Agent, and M. J. Buckley, Constable. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for furniture.

From the record it appeared that on July 13, 1911, plaintiff leased to Alexander Thompson a quantity of furniture under a contract of bailment. Thompson used the furniture in a portion of a building, which he rented from Thomas E. Linnen. Other facts are stated in the opinion of the Superior Court.

When John McCloskey was on the stand he was asked this question:

Q.—Now, Mr. McCloskey, what goods, if you can recall, were left on the premises after all Mr. Haltzel's goods had been delivered to him?

Mr. Mulhall:

Just a minute; I object to this as not being material; if there was anything realized on these goods I have no objection to that.

The Court:

Well, he said he didn't know but if he knows we will take it.

Mr. Mulhall:

If he knows what was realized?

The Court:

Knows what goods were left.

Mr. Mulhall:

How is that relevant?

The Court:

If you show it didn't bring enough to cover your writ it doesn't hurt any, no matter how much goods were left on the premises.

Mr. Mulhall:

The only issue here are the goods in this writ.

The Court:

You object?

Mr. Mulhall:

I object.

The Court:

Objection overruled, exception noted.

Q.—What is your recollection, Mr. McCloskey of what goods were left on the premises? A.—To give all of them I couldn't, amount or anything like that. I couldn't do it, but I know there was some, was carpets left there, mats, curtains, numerous things left when the remark was made to me that—

Q.—To whom did you speak about it? A.—I think to Mr. Kelly, he talked about the goods, I said you should

worry there are enough goods there to take care of 'your people, some remark like that I made to him. I couldn't say how much goods were there. (6)

The court charged in part as follows:

"The first fact is, whether there was a levy by Constable Buckley under a landlord's warrant issued by Mr. Linnen or his agent, Mr. Kelly, prior to the taking of the goods by the sheriff under the writ of replevin issued by the plaintiff. If you find that there was no levy under the landlord's warrant before that taking by the sheriff then your verdict should be for the plaintiff. But if you find that there was a levy under a landlord's warrant prior to the time that the sheriff went up there and took the goods for the Haltzel Furniture Company under the replevin—if you find that there was a legal levy under the landlord's warrant, then you still find in favor of the plaintiff, but you put this condition on it; 'on condition that he pay to the defendant the market value of the goods that he took out of the building under his writ of replevin.' So the first fact for you to find is whether there was a valid levy under the landlord's warrant before the goods were taken under the writ of replevin."

Verdict for plaintiff unconditionally upon which judgment. Thomas E. Linnen appealed.

*Errors assigned,* among others, were (1) portion of charge as above quoting it, and (6) rulings on evidence quoting the bill of exceptions.

*M. J. Mulhall,* for appellant, cited: Taylor v. Ellis, 200 Pa. 191; Cassidy v. Elias, 90 Pa. 434; Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; Young v. Couche, 52 Pa. Superior Ct. 592; Crawford v. Fulmer, 31 Pa. C. C. R. 219.

*A. C. Campbell,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

The Haltzel Furniture Company leased to Thompson a lot of household goods. The latter informed the company that he had abandoned the premises whereon the goods had been placed and that it should come and remove its goods. The company thereupon caused a writ of replevin to issue and upon the execution of the writ regained possession of the leased goods. Linnen, the owner of the premises, when he learned that the goods on the premises were being taken by the sheriff under the writ of replevin, through his agent, Kelly, informed the sheriff as he was removing the goods that they were in the legal possession of Buckley a constable, by virtue of a landlord's warrant issued by Kelly as Linnen's agent some days before, that the warrant had been duly executed and the tenant's goods had been distrained before the writ of replevin had issued. The sheriff served Kelly and Buckley and added their names to the return. Linnen subsequently was allowed to intervene and the issue was duly joined upon plaintiff's statement and the affidavit of defense thereto.

If the landlord's distress was made prior to the execution of the writ of replevin, his rights were superior to those of the plaintiff. The plaintiff however contended that there had been no warrant issued and no distraint made; that the warrant exhibited in the case was made after the goods had been seized by the sheriff and had been antedated and that the whole matter was a device to circumvent the effect of the replevin writ. There were certain elements in the case which lent color to plaintiff's claim in this regard. Certain peculiarities about the appearance of the warrant and the flat contradiction of the story of the constable by the sheriff and those who were with him were sufficient to discredit the claim of the defendant. The trial judge very properly left the question, as to whether or not the landlord distraint preceded the replevin, to the jury and they found for the plaintiff.

The appellant argues that the above question was not properly in the case since the sheriff's return showed that the goods were found in possession of the landlord's agent and the constable, his bailiff, and that the only "way under the pleadings they could have possession is under the landlord's warrant," and the case thus being a landlord and tenant case, the only question arising was whether there was any rent in arrear.   If the issue were joined solely between Thompson as tenant and Linnen as landlord this might be true.   In this case the question of rent in arrear arises only incidentally as part of defendant's proof.   Even if there were rent due, the plaintiff might still maintain his action and if he could prove a title superior to that of the defendant, he would be entitled to the verdict.   The jury by its finding settled the question that the plaintiff as owner of the goods in question repossessed himself of them before any landlord's levy had been placed on them.

The other assignments of error are directed to the admission of testimony as to certain goods of the tenants having been left on the premises at the time the writ of replevin was executed.   As the landlord sold these his claim for rent was reduced pro tanto.   Had he won the case and a conditional verdict been rendered as provided by the Act of April 19, 1901, Section 6, P. L. 88, he could not have recovered from the plaintiff a greater amount than the rent due him.   In this view of the matter, the testimony was competent.

All the assignments of error are overruled and the judgment is affirmed.